UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONNA SMITH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| | : _____ |
| NEXUS MEDICAL HOLDINGS, LLC, A | : |
| Georgia Limited Liability Company, | : |
| Defendant | : JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Donna Smith, ("Smith" or "Plaintiff"), by and through her undersigned counsel, respectfully files this Complaint in this diversity action against NEXus Medical Holdings, LLC, ("NEXus" or "Holdings") of Macon, Georgia based on its failure to pay Smith as it agreed pursuant to the terms of a Promissory Note dated December 31, 2017 in the amount of $178,500 plus interest, attorneys' fees and costs. The Promissory Note is attached as Exhibit 1.

### **I. JURISDICTION AND VENUE**

1.

Donna Smith is and has been at all times relevant to this matter a citizen and resident of Oxford, Calhoun County, Alabama.

2.

Defendant NEXus Medical Holdings, LLC is a Georgia Limited Liability Company, is a citizen of the State of Georgia and its principal place of business is located at 107 Preston Court, Suite A, Macon, Georgia 31210.

3.

The jurisdiction of this Court is invoked pursuant to diversity of citizenship jurisdiction provisions contained in 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

Venue is proper in this action because the Promissory Note was executed by the Parties in Bibb County, Georgia and the breach of the payment terms of the Promissory Note by NEXus occurred within Bibb County, Georgia. NEXus may be served with process upon its Registered Agent, Nathan Cumbie, 107 Preston Court, Suite A, Macon, Georgia 31210.

## II. GENERAL ALLEGATIONS

5.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 2.

6.

Prior to December 31, 2017, Donna Smith was a Member of NEXus Medical Holdings, LLC. Pursuant to the terms of the NEXus Operating Agreement, Smith served notice on Nexis that she desired to sell her Membership Interest in Holdings, and pursuant to that notice, Holdings exercised its option to purchase and redeem all of Smith's membership interest.

7.

The purchase price for Smith's entire Membership Interest, was $238,000.

8.

On December 31, 2017, Smith and NEXus, through Its Chief Executive Officer, Nathan E Cumbie, Jr., entered into a Memorandum of Closing in which Smith executed a transfer and assignment of her Membership Interest in Holdings, Attached to This Complaint as Exhibit 1.

9.

In return for the transfer and assignment of her membership interest in Holdings, NEXus repaid her for a loan she made to NEXus in the amount of $30,000, plus $2,394 in interest.

10.

As a further result of the transfer and assignment of her Membership Interest in Holdings, NEXUs executed a Promissory Note dated December 31, 2017 in the

amount of $178,500 and agreeing that it would make payments to Smith of $59,500 due and payable six months, 12 months and 18 months from the date of the making of the Note. The principal is payable in Macon, Georgia or at such other place as the Holder may designate in writing, or by an ACH/Wire Transfer into the bank account of that chosen by Smith. (See Exhibit 1).

11.

The Promissory Note further provides that any installment not paid when due allows the Holder, Smith, to demand payment for the entire unpaid principal sum, with time being of the essence of the Agreement.

12.

The Promissory Note further provides that if the Note is collected by law, or through an attorney at law, all costs of collection, including 15% of the principal and interest as attorney's fees, shall be paid by the Maker of the Note, in this instance NEXus.

13.

The Promissory Note further provides that in case of default in payment of any one of the installments, the Note shall bear interest for all unpaid amounts at the rate of 8% per annum from the date of such default.

14.

The Promissory Note further provides that the contract is to be construed in all respects and enforced according to the laws of the State of Georgia.

15.

The first installment was due to be paid to Smith on June 30, 2018 in the amount of $59,500. NEXus failed to make any payment, and in response to an email with NEXus' CEO, Nathan Cumbie, sent to him on June 29, 2018, Mr. Cumbie responded by email on June 29, 2018 at 11:03 am, stating that" we are in the final stages of negotiating a sale of Westgreen and at this time know that NEXus will need to defer payments and owe interest on the debt…… We should have an anticipated close date by next week… "That payment has not been made. (See Exhibit 2).

16.

The next payment was due to be made on December 31, 2018, but on December 21, 2018 at 6:28 am, CEO Nathan Cumbie sent an email to Smith and told her that they would be unable to make the second payment due on December 31, 2018 and he asked for more time within which to make the payment "until [NEXus] can work through our cash flow issues." That payment has not been made. (See Exhibit 2).

17.

On January 21, 2019, Smith sent a Demand Letter to CEO Nathan Cumbie and the Chief Governance Officer Robert C. Hamm, Jr., M.D., and the NEXus Board of Directors notifying and declaring NEXus to be in breach of the terms of the Note, and demanding payment of the entire balance of the Note to be due and payable immediately, for interest to be paid on the unpaid amounts, and that these payments should be made no later than the close of business on February 21, 2019. At the conclusion of Smith's letter, she stated that absent payment, she wills "seek legal action to enforce the terms of the Note. No payment has been made, and Smith received no response to her letter of January 21, 2019. (See Exhibit 3).

## COUNT I—BREACH OF CONTRACT

18.

Smith incorporates by reference each of the allegations contained above in paragraphs 1 through 17.

19.

The Promissory Note entered into between NEXus and Smith on December 31, 2017 provided that NEXus would make payments to Smith of $59,500 on June 30, 2018 and December 31, 2018. These payments have not been made and Nexis is in breach of the contractual terms of the Note.

20.

As a result of NEXus' breach of its obligations under the Promissory Note, Smith is entitled pursuant to its terms to demand payment of the entire unpaid principal sum, an amount which totals $178,500, plus interest and collection costs (including attorneys' fees) of 15% of the principal and interest, with such amount to be paid by the Maker of the Note, NEXus.

WHEREFORE, based on NEXus's breach of the terms of the Promissory Note, Plaintiff Donna Smith demands that NEXus be ordered to pay the entire amount of the unpaid note, $178,500 plus interest and collection costs of 15% of the principal and interest, including attorney's fees.

### COUNT II—CLAIM FOR RECOVERY OF EXPENSES OF LITIGATION UNDER O.C.G.A. SEC. 13-6-11

21.

Smith incorporates by reference each of the allegations contained above in paragraphs 1 through 17.

22.

Payment by NEXus of each of the payment obligations under the Promissory Note was and is required pursuant to the  agreement entered into by NEXus with Smith on December 31, 2017. NEXus' failure to make the payments as it agreed, or to make any payments whatsoever as required by the Promisory Note,

particularly in view of the reminders sent to Defendant's officers, constitutes bad faith, NEXus has been stubbornly litigious and has caused Smith unecesssary trouble and expenses by having to retain legal counsel to to file this lawsuit.

WHEREFORE, based on NEXus's bad faith breach of the terms of the Promissory Note, and the unnecessary trouble and expense that Smith is being required to assume, Plaintiff Donna Smith demands that, in addition to the fees provided for in the Promissory Note, that NEXus be ordered to pay her the attorneys fees incurred pursuant to the provisions of OCGA Sec. 13-6-11.

### PRAYER FOR RELIEF

Wherefore, based on the foregoing, Plaintiff Donna Smith prays for the following relief in this matter:

(a) That NEXus Medical Holdings, LLC be ordered to pay Donna Smith the unpaid principal due on the Note in the amount of $178,500;

(b) That NEXus be ordered to pay Donna Smith the interest due based on its failure to pay the principal and the agreed-to rate of 8 percent annual interest;

(c) That NEXus be ordered to pay Donna Smith the attorneys' fees and costs of collection as provided for in the attached Promissory Note;

(d) That NEXus be ordered to pay Donna Smith's costs of litigation, including attorneys' fees, under O.C.G.A. Sec. 13-6-11;

(e)   That Donna Smith be granted a trial by jury as to all issues;

(f)   That Donna Smith be granted injunctive and declaratory relief as appropriate; and

(g)   That the Court grant Donna Smith any and all other relief to which she may be entitled.

This 22nd day of April 2019.

Respectfully submitted,

By:   /s/ Gary R. Kessler

Gary R. Kessler
Gary R. Kessler P.C.
Georgia Bar No. 416562
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
404-237-1020 (office)
gkessler@martensonlaw.com

ATTORNEY FOR PLAINTIFF